JOURNAL ENTRY AND OPINION
{¶ 1} On December 15, 2003, Andrew Davis-Bey filed a delayed application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Davis-Bey (Jul. 3, 2002), Cuyahoga App. No. 79524. In that opinion, we affirmed Davis-Bey's conviction for felonious assault. On February 3, 2004, the State of Ohio, through the Cuyahoga County Prosecutors Office, filed a memorandum of law in opposition to the application for reopening. For the following reason, we decline to reopen Davis-Bey's original appeal.
 {¶ 2} As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. State v. Cooey (1995),73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick (1995), 72 Ohio St.3d 88,647 N.E.2d 784. In their response, the State of Ohio argues that Davis-Bey's application is untimely and that he failed to demonstrate good cause. We agree.
 {¶ 3} Davis-Bey is attempting to reopen the appellate judgment that was journalized on July 15, 2002. He failed to file his application for reopening until December 15, 2003. Accordingly, Davis-Bey's application is untimely on its face.
 {¶ 4} In an attempt to establish "a showing of good cause," Davis-Bey asserts that good cause consists of his lack of counsel; his illness; his inability to obtain access to the law library; and that he diligently filed this matter despite his inexperience.
 {¶ 5} However, the absence or denial of counsel does not show good cause for an untimely filing. State v. Walker (May 31, 1994), Cuyahoga App. No. 47616, reopening disallowed (Aug. 3, 2001), Motion No. 27447; State v. Creasey (Nov. 23, 1994), Cuyahoga App. Nos 65717 and 65718, reopening disallowed (Aug. 29, 2001), Motion No. 24781. Additionally, this court and the Supreme Court of Ohio have firmly established that a lack of legal training is not a viable ground for establishing "good cause" for the untimely filing of an application for reopening. State v.Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammel (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317,649 N.E.2d 1226.
 {¶ 6} A prisoner's limited access to legal materials also does not establish good cause. State v. Stearns (July 24, 2000), Cuyahoga App. No. 76513, reopening disallowed (Feb. 14, 2002), Motion No. 27761; State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Hickman (Apr. 30, 1998), Cuyahoga App. No. 72341, reopening disallowed (Dec. 13, 2000), Motion No. 20830. We further find that Davis-Bey failed to establish that his sickness prevented him from timely filing his application for reopening.
 {¶ 7} Davis-Bey also failed to comply with App.R. 26(B)(2) which provides, in part:
 {¶ 8} An application for reopening shall contain all of the following:
 {¶ 9} * * *
 {¶ 10} (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
 {¶ 11} In his application for reopening, Davis-Bey makes a general statement that, "all contentions, avertments (sic), assertions, statements, exhibits, and contents of my motion for leave to reopen is true and correct * * *." However, he does not state in what ways his appellate counsel was deficient in respect to his assignments of error. Accordingly, we must hold that the affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). See, e.g., State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 30630, at 4-5.
 {¶ 12} The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 13} In this case, Davis-Bey filed an appeal to the Supreme Court of Ohio. However, on July 31, 2003, the Supreme Court of Ohio dismissed Davis-Bey's appeal. Since the issue of ineffective assistance of counsel was raised or could have been raised, res judicata now bars any further review of the claim. State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241, at 2, appeal dismissed (2000), 89 Ohio St.3d 1488, 734 N.E.2d 375; State v.Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465. We also find that applying the doctrine of res judicata would not be unjust.
 {¶ 14} Furthermore, the record indicates that Davis-Bey filed a supplemental brief in his direct appeal. Courts have consistently held that res judicata bars an application to reopen when the applicant files a pro se brief. State v. Tyler (1994),71 Ohio St.3d 398, 643 N.E.2d 1150, cert. denied (1995),516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53; State v. Boone (1996),114 Ohio App.3d 275, 683 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 69936, reopening disallowed (Apr. 24, 1997), Motion No. 80441; State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, reopening disallowed (Aug. 19, 1996), Motion No. 68671; and State v. Graff (July 13, 2000), Cuyahoga App. No. 74860, reopening disallowed (May 8, 2001), Motion No. 20937.
 {¶ 15} Notwithstanding the above, Davis-Bey does not establish that his appellate counsel was ineffective. To establish such claim, Davis-Bey must demonstrate that his counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 16} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland,104 S.Ct. at 2065.
 {¶ 17} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues."Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 18} Our substantive review of the application to reopen also fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. In his first issue, Davis-Bey argues that the trial court abused its discretion when it erroneously instructed the jury on the affirmative defense of self defense. However, as pointed out in the State's brief, Davis-Bey's counsel requested that a self-defense instruction be given. Accordingly, we find this argument to be meritless.
 {¶ 19} In his second proposed assignment of error, Davis-Bey argues that his sentence exceeded the possible maximum sentence for a first degree felony because of the additional five years post-release control. Citing no authority in support of this argument, we find it to be meritless.
 {¶ 20} Accordingly, the application to reopen is denied.
McMonagle and Calabrese, Jr., JJ., concur.