JOURNAL ENTRY AND OPINION
{¶ 1} In State v. McGee, Cuyahoga County Court of Common Pleas Case No. CR-383003, applicant, Belvin McGee, was convicted of: one count of rape, a second degree felony; two counts of rape, first degree felonies; and two counts of gross sexual imposition, third degree felonies. This court affirmed that judgment in State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. McGee, 95 Ohio St.3d 1409,2002-Ohio-5728. (The same counsel represented McGee before the Supreme Court of Ohio and this court.)
 {¶ 2} McGee has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that: the judgment of conviction is void due to trial counsel's purportedly entering into a plea agreement that McGee would be eligible for parole in ten years; and the trial court failed to notify McGee that post-release control was part of his sentence. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming McGee's conviction was journalized on December 12, 2001. The application was filed on November 9, 2004, clearly in excess of the ninety-day limit. McGee argues that "court officials" prevented him from getting access to an "unabridged transcript." In support of this argument, he attaches a journal entry which denied his motion for transcript. This journal entry was issued by this court and dated February 6, 2001, more than nine months prior to the release of this court's journal entry and opinion affirming his conviction. The state correctly observes that, as part of his direct appeal, McGee filed a pro se supplemental brief which this court considered. See State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238, at 13. In that pro se supplemental brief filed February 2, 2001, McGee cites various pages of the transcript as he had in an earlier pro se supplemental brief filed on November 3, 2000. McGee has not provided this court with any circumstances which constitute good cause for his failure to file a timely application for reopening. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
McGee's request for reopening is also barred by res judicata. The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967),10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164. As noted above, McGee filed a pro se supplemental brief in his direct appeal. "[T]he record indicates that [the applicant] filed a supplemental brief in his direct appeal. Courts have consistently held that res judicata bars an application to reopen when the applicant files a pro se brief." State v. Davis-Bey,
Cuyahoga App. No. 79524, 2002-Ohio-3437, reopening disallowed, 2004-Ohio-1105, Motion No. 394440, at ¶ 14 (citations deleted). In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 5} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
 {¶ 6} In his first assignment of error, McGee claims that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that the judgment of conviction is void due to trial counsel's purportedly entering into a plea agreement that McGee would be eligible for parole in ten years. McGee complains that the representation by the trial court, prosecutor and trial counsel that McGee would be eligible for parole in ten years violated the separation of powers. That is, McGee contends that, because the Adult Parole Authority administers parole — cf. R.C. 2967.02(A), counsel and the court exceeded their authority. A review of the transcript does not support McGee's characterization, however. In fact, his counsel made the following statement during the plea hearing: "It's my understanding that he is eligible for parole and I emphasize the term `eligible' after serving ten full years on these various counts." Tr. at 239. McGee has not identified anywhere in the record which reflects that the participants in the trial court proceedings attempted to determine when McGee would be released on parole.
 {¶ 7} Additionally, as the state observes, on direct appeal this court observed that McGee was accurately informed regarding when he would become eligible for parole. State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238, at 5. McGee has not demonstrated that his appellate counsel was deficient or that he was prejudiced by the absence of this error on direct appeal. As a consequence, McGee's first assignment of error is not well-taken.
 {¶ 8} In his second assignment of error, McGee argues that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that the trial court failed to notify McGee that post-release control was part of his sentence. He asserts that, because the trial court failed to inform him that post-release control was part of his sentence or to explain to him what "post-release control" meant, his guilty plea was not made knowingly, intelligently and voluntarily.
 {¶ 9} In addition to his direct appeal, McGee has appealed from and this court has affirmed the trial court's denials of his motions to withdraw his guilty plea. See State v. McGee, Cuyahoga App. No. 82092, 2003-Ohio-1966 (McGee II); State v. McGee, Cuyahoga App. No. 83613, 2004-Ohio-2856 (McGee III).
"The appellant raises a new claim herein where he contends that he did not understand the meaning of post-release control. This issue was not raised in the trial court and we will not consider it for the first time on appeal. AMF, Inc., v. Mravec (1981), 2 Ohio App.3d 29, 2 Ohio B. 32, 440 N.E.2d 600." McGee II, at ¶ 18. In light of the fact that this court has already determined that it would not consider the issue raised by McGee's second assignment of error for the first time on appeal, McGee cannot demonstrate that he was prejudiced by the absence of this error on direct appeal.
 {¶ 10} As a consequence, McGee has not met the standard for reopening. Accordingly, the application for reopening is denied.
Celebrezze, Jr., P.J., Concurs Kilbane, J., Concurs.