[Cite as *State v. White*, 2011-Ohio-2350.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2010-0053 |
| DAVID R. WHITE, SR. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. CR2007-0032


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      May 13, 2011


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL MADDOX
PROSECUTING ATTORNEY
ROBERT L. SMITH
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio 43701

For Defendant-Appellant

KYLE S. WITUCKY
STUBBINS, WATSON,
& BRYAN CO., LPA
59 North Fourth Street
Post Office Box 488
Zanesville, Ohio 43702-0488

*Wise, J.*

**{¶1}** Defendant-appellant David R. White, Sr. appeals re-sentencing by the Muskingum County Court of Common Pleas.

**{¶2}** Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE CASE AND FACTS

**{¶3}** On January 24, 2007, Appellant, David R. White, Sr., was indicted by the Muskingum County Grand Jury on three (3) counts of Rape of a child less than ten (10) years of age, in violation of R.C. §2907.02(A)(1)(b), a first degree felony punishable by a mandatory term of life imprisonment; and three (3) counts of Gross Sexual Imposition, in violation of R.C. §2907.05(A)(4), felonies of the third degree.

**{¶4}** On March 5, 2007, Appellant appeared before the court and withdrew his former pleas of not guilty and entered pleas of guilty to one (1) count of Rape of a child of less than ten (10) years of age, in violation R.C. § 2907.02(A)(1)(b), a felony of the first degree. In exchange for said plea, the State agreed to Nolle the remaining five (5) counts of the indictment. In addition, the State agreed to recommend that Appellant receive the mandatory life sentence required for the charge.

**{¶5}** The trial court accepted Appellant's guilty plea and ordered a pre-sentence investigation be conducted prior to the imposition of a sentence.

**{¶6}** On April 2, 2007, Appellant appeared before the trial court for sentencing. Prior to commencing with the sentencing hearing, the trial court found Appellant to be a Sexual Predator pursuant to R.C. §2950.09(B). The trial court then proceeded to sentence Appellant to serve a mandatory stated prison sentence of life in prison. In

addition, prior to concluding this hearing, the trial court advised Appellant that he would be eligible for parole after he has served ten (10) years of his sentence.

{¶7} Appellant did not file a direct appeal of his conviction or of his sentence.

{¶8} On June 3, 2010, Appellant filed a Motion to Impose Valid Sentence, arguing therein that the sentencing entry was void and moving the trial court to impose a new sentence.

{¶9} By entry dated June 9, 2010, the trial court denied the motion, stating that Appellant's motion lacked merit "due to the fact that there is no postrelease control for a life sentence".

{¶10} On June 17, 2010, Appellant filed a Notice of Appeal of the trial court's entry which denied his Motion to Impose Valid Sentence. The State responded by filing a Motion for Remand in which it requested that the matter be remanded to the trial court with instructions to resentence Appellant. By Judgment Entry filed August 11, 2010, this Court remanded the matter back to the trial court for the sole purpose of re-sentencing on the issue of post-release control. (See Case No. CT2010-0029).

{¶11} On August 30, 2010, Appellant appeared before the trial court, with court-appointed counsel, for re-sentencing pursuant to the order of this Court. At this hearing, Appellant, through counsel, acknowledged that he understood the purpose of the hearing; indicated that he had "no objection to his sentence"; and indicated that he was "ready to proceed." Thereafter, the trial court notified Appellant that he was subject to mandatory post-release control for a period of five (5) years, as well as the consequences of violating the same. (Resentencing Hearing T. at.4). The new sentencing Entry was docketed on September 8, 2010.

{¶12} Defendant-Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶13} "I. THE TRIAL COURT ERRED AT RESENTENCING BY FAILING TO CONDUCT A DE NOVO RESENTENCING HEARING IN ACCORDANCE WITH R.C. §2929.19 AND BY FAILING TO CONDUCT A HEARING IN ACCORDANCE WITH R.C. §2929.191."

## I.

{¶14} In his sole assignment of error, Appellant asserts that the trial court erred by failing to conduct a de novo re-sentencing hearing. We disagree.

{¶15} It is the position of Appellant that pursuant to R.C. §2929.191, he should have been given an opportunity to address the trial court at the re-sentencing hearing. Appellant argues that because he was not given an opportunity to address the trial court at the re-sentencing hearing, such hearing failed to conform to the statutory requirements of R.C. §2929.191(C). Appellant argues that because such hearing was flawed, the trial court, in effect, failed to address post-release control as required by R.C. §2967.28. Appellant states that his sentence is therefore contrary to law because he has not been properly sentenced.

{¶16} Upon review, we find that Appellant has been properly sentenced and that such sentence is not contrary to law.

{¶17} Revised Code §2967.28(B) mandates:

{¶18} "Each sentence to a prison term * * * for a felony of the second degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment."

**{¶19}** Further R.C. §2929.19(B)(3)(c) and (e) state in relevant part that, at the sentencing hearing, the trial court shall "[n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison" and that "if the offender violates that supervision or a condition of postrelease control * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed on the offender." In addition, "the imposed postrelease-control sanctions are to be included in the judgment entry journalized by the court." *Singleton* at ¶ 11.

**{¶20}** In *Singleton,* the Supreme Court of Ohio specifically addressed the proper application of R.C. §2929.191 in postrelease control resentencing hearings. R.C. §2929.191 provides "a statutory remedy to correct a failure to properly impose postrelease control." *Singleton* at ¶ 23.

**{¶21}** For certain offenders, "R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes [1] a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and [2] that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control." *Id.*

**{¶22}** In addition, "[t]he hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) *pertain only to the flawed imposition of postrelease control.* R.C. 2929.191 does not address the remainder of an offender's sentence. Thus, the General Assembly appears to have intended to leave

undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose postrelease control at the original sentencing." (Emphasis added.) *Id.* at ¶ 24.

**{¶23}** In determining when to apply R.C. 2929.191, the Supreme Court of Ohio held that

**{¶24}** "[F]or sentences imposed prior to *July 11, 2006* [effective date of R.C. 2929.191], in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. However, for criminal sentences imposed *on and after* July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." S*ingleton* at ¶ 1. (Emphasis added.)

**{¶25}** In *State v. Reed,* 10th Dist. No. 09AP–1164, 2010–Ohio–5819, The Tenth District Court of Appeals considered the proper application of R.C. §2929.191 in accordance with *Singleton.* Reed was originally sentenced on January 24, 2001. At that time, the trial court failed to properly notify the appellant of post-release control. On appeal, the appellant argued that the trial court erred by failing to conduct a de novo resentencing hearing. The Tenth District agreed with the appellant, holding that, pursuant to *Singleton,* R.C. §2929.191 "applies only to sentences imposed on or after July 11, 2006," and "[f]or sentences handed down prior to the effective date of R.C. 2929.191, those are to be reviewed under the prior line of cases holding that such sentences are void and require the court to engage in a de novo resentencing." *Reed* at ¶ 4, cf. *State v. Fischer* (Dec. 23, 2010), Sup.Ct. of Ohio No.2009–0897, overruling

*Bezak.* Therefore, because Reed's original sentencing date was prior to July 11, 2006, the appellant, in *Reed,* was entitled to a de novo resentencing hearing.

**{¶26}** In the case sub judice, in contrast to *Reed,* we have an original sentencing date of April 2, 2007. Therefore, as the original sentencing was after July 11, 2006, pursuant to *Singleton,* R.C. §2929.191 applies. Thus, we find that Appellant was not entitled to a de novo hearing.

**{¶27}** However, even though we find that Appellant was not entitled to a de novo hearing in this case, we find that the trial court did give Appellant an opportunity to address the trial court on the issue of whether his judgment of conviction should be corrected:

**{¶28}** "Atty. Rankin:  Thank you, Your Honor.  I have met with Mr. White and explained to him why we are here today for resentencing purposes.  I've also discussed with him in light of the recent Ohio Supreme Court decision that's enabled the Court to bring him back and be resentenced today, and he, too, has objections that he feels isn't fair, but he wasn't sure what you wanted me to do about it.

**{¶29}** "Atty. Rankin: (to Appellant)  So are you okay? Do you think you understand what is going on?

**{¶30}** "Atty. Rankin:  He has no objections to his sentence, but we're ready to proceed."  (Re-sentencing T. at 2-4).

**{¶31}** Based on the foregoing, we find Appellant's sole assignment of error not well-taken and hereby overrule same.

**{¶32}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0505

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :
                                                 :
-vs-                                             :               JUDGMENT ENTRY
                                                 :
DAVID R. WHITE, SR.                              :
                                                 :
    Defendant-Appellant                          :               Case No. CT2010-0053


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

       Costs assessed to Appellant.


_____

_____

_____

                     JUDGES