[Cite as *State v. White*, 2012-Ohio-1490.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID R. WHITE, SR. | : | Case No. CT11-0051 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case. No. CR2007-0032

JUDGMENT: Affirmed

DATE OF JUDGMENT: March 26, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT L. SMITH                          DAVID WHITE, SR., PRO SE

27 North Fifth Street                                          P.O. Box 7010
Zanesville, OH  43701                                         Chillicothe, OH  45601

*Farmer, J.*

{¶1}   On January 24, 2007, the Muskingum County Grand Jury indicted appellant, David White, Sr., on three counts of rape in violation of R.C. 2907.02 and three counts of gross sexual imposition in violation of R.C. 2907.05.  Said charges arose from incidents involving a seven year old child.

{¶2}   On March 5, 2007, appellant pled guilty to one of the rape counts.  The remaining charges were nolled.  By entry filed April 5, 2007, the trial court sentenced appellant to life in prison with parole eligibility after ten years.  Appellant did not appeal his sentence.

{¶3}   Appellant was resentenced on September 8, 2010 to include a term of postrelease control.  Appellant filed an appeal challenging the way the hearing was conducted, and this court affirmed the trial court's sentence.  *State v. White,* Muskingum App. No. CT-2010-0053, 2011-Ohio-2350.

{¶4}   On November 9, 2010, appellant filed a motion to vacate a void sentence, arguing the "enhanced term of life is unauthorized by law."  By entry filed September 12, 2011, the trial court denied the motion.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶6}   "THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT TO A LIFE SENTENCE CONTRARY TO LAW."

I

{¶7} Appellant claims the trial court erred in sentencing him to life in prison with parole eligibility after ten years. We disagree.

{¶8} Appellant was originally sentenced on April 5, 2007. He never filed a direct appeal.

{¶9} Appellant was resentenced on September 8, 2010 to include a term of postrelease control. Appellant appealed, challenging the way the hearing was conducted, and this court affirmed the trial court's sentence. *State v. White,* Muskingum App. No. CT-2010-0053, 2011-Ohio-2350.

{¶10} On November 9, 2010, appellant filed a postconviction motion to vacate his void sentence, arguing the "enhanced term of life is unauthorized by law."

{¶11} As stated by the Supreme Court of Ohio in *State v. Perry* (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

{¶12} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

{¶13} Appellant never challenged the length of his sentence which could have been raised on direct appeal.

{¶14} On March 5, 2007, appellant pled guilty to rape in violation of R.C. 2907.02(A)(1)(b) for an offense committed in 2000 involving a seven year old. Pursuant to R.C. 2907.02(B) in effect at the time of sentencing, a defendant found guilty of R.C. 2907.02(A)(1)(b) "shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code." However, R.C. 2941.148(A)(1) indicates the application of R.C. Chapter 2971 is precluded from offenses committed prior to January 2, 2007. Therefore, the applicable version of R.C. 2907.02 in appellant's case was the one effective June 13, 2002. Subsection (B) provided in part, "if the victim under division (A)(1)(b) of this section is less than ten years of age, whoever violates division (A(1)(b) of this section shall be imprisoned for life."

{¶15} Appellant's life sentence was not unauthorized by law.

{¶16} The sole assignment of error is denied.

{¶17} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

SGF/sg 314                          JUDGES

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                    :
                                 :
   Plaintiff-Appellee            :
                                 :
-vs-                             :        JUDGMENT ENTRY
                                 :
DAVID R. WHITE, SR.              :
                                 :
   Defendant-Appellant           :        CASE NO. CT11-0051


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES