JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Belvin McGee ("appellant") appeals from the judgment of the trial court denying his second post-sentence motion to withdraw his guilty plea. For the reasons set forth below, we affirm.
 {¶ 2} This matter has a lengthy history including appellant's direct appeal to this court in State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238, ("McGee I") wherein appellant's convictions and sentence were affirmed.[1] The Ohio Supreme Court denied appellant's appeal in State v. McGee (2002),95 Ohio St.3d 1409.
 {¶ 3} Appellant thereafter filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, which the trial court denied. Appellant filed an appeal to this court in State v.McGee, Cuyahoga App. No. 82092, 2003-Ohio-1966 ("McGee II") alleging that the trial court erred in denying his motion to withdraw his guilty plea in order to correct a manifest injustice. This court affirmed.
 {¶ 4} Appellant filed with the trial court a second motion to withdraw his guilty plea, which the trial court denied on the authority of McGee II. It is from this denial that appellant now appeals, again challenging the denial of his motion to withdraw his guilty plea.
 {¶ 5} As we stated in McGee II, the trial court is divested of jurisdiction to hear a motion to withdraw a guilty plea where an appeal on the matter has been taken, relying on State ex rel.Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 97-98,378 N.E.2d 162.
 {¶ 6} In Special Prosecutors, the Ohio Supreme Court explained that
 {¶ 7} "The trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. (Citations omitted). However, * * * [when] the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial [are] inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea, the judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment."
 {¶ 8} The Ohio Supreme Court went on to explain:
 {¶ 9} "Furthermore, Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court."
 {¶ 10} We therefore find that the trial court was without jurisdiction to hear appellant's motion to withdraw his guilty plea subsequent to this court's judgment in McGee II.
 {¶ 11} Furthermore, the doctrine of res judicata bars any claim that was or could have been raised at trial or on direct appeal. See State v. Steffen, 70 Ohio St.3d 399, 1994-Ohio-111, citing State v. Perry (1967), 10 Ohio St.2d 175. In McGee II,
this court also found that even if the trial court did have jurisdiction to consider the motion, the denial of the motion would have been affirmed because appellant failed to demonstrated that a manifest injustice occurred. Therefore, having been fully litigated, appellant's claims are barred by res judicata.
 {¶ 12} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon P.J., and Celebrezze, Jr., J., concur.
[1] Appellant claimed in that appeal that he was denied due process of law when the trial court failed to advise him of parole implications, consequences of the sexual predator classification, and by the imposition of maximum consecutive sentences.