JOURNAL ENTRY AND OPINION
{¶ 1} On November 10, 1999, a Cuyahoga County Grand Jury indicted defendant-appellant Belvin McGee ("McGee") with fifty-counts including gross sexual imposition, felonious sexual penetration, and rape of his five biological children, all under the age of thirteen. Many of the counts contained a sexually violent predator specification.
 {¶ 2} On December 13, 1999, the case proceeded to jury trial, during which McGee agreed to plead guilty to five counts in the indictment, each with the sexually violent predator specification deleted. McGee stipulated to the classification as a sexual predator.
 {¶ 3} On December 20, 1999, the trial court sentenced McGee to the following: eight years of imprisonment for count seventeen; life imprisonment for count twenty-seven; life imprisonment for count thirty-seven; five years of *Page 3 
imprisonment for counts forty-three; and five years of imprisonment for count fifty-three.
 {¶ 4} Since sentencing, McGee has filed multiple appeals with our court, including, but not limited to the following: State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238, judgment affirmed; State v.McGee, Cuyahoga App. No. 82092, 2003-Ohio-1966, judgment affirmed;State v. McGee, Cuyahoga App. No. 83613, 2004-Ohio-2856, judgment affirmed; and State v. McGee, Cuyahoga App. No. 77463, 2995-Ohio-3553, application to reopen denied.
 {¶ 5} McGee also appealed to the Ohio Supreme Court, State exre/. McGee v. Celebreeze (2002), 96 Ohio St.3d 1484, dismissed. Save for his first appeal, McGee filed all subsequent appeals pro se.
 {¶ 6} Most recently, on November 14, 2006, McGee filed a Crim.R. 47 motion for correction of invalid pleas and sentence, denied by the trial court on November 17, 2006.
 {¶ 7} On December 11, 2006, McGee filed the instant appeal, pro se, asserting two assignments of error.
 {¶ 8} ASSIGNMENT OF ERROR NUMBER ONE
 "Appellant was deprived of his liberty without due process and equal protection of the laws. When his conviction was obtained without subject-matter jurisdiction. [sic]. Violations of the Fifth, and Fourteenth Amendments to the United States Constitution, Section Ten and Sixteen of Article One to the Ohio Constitution." *Page 4 
 {¶ 9} McGee argues that his convictions for sexually violent predator specifications violate his constitutional rights. However, a review of the record reveals that the state deleted the sexually violent predator specifications attached to those counts to which McGee pleaded guilty.
 {¶ 10} Therefore, McGee's first assignment of error is overruled.
 {¶ 11} ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court exceeded it's [sic] authority in denying appellant's motion because his sentences are void. Violations of the due process clauses of both the United States and the Ohio Constitutions."
 {¶ 12} McGee argues that the trial court erred in failing to inform him of postrelease control at his sentencing hearing.
 {¶ 13} The record does not include the transcript of the sentencing hearing held on December 20, 1999. However, the corresponding journal entry reads in part: "The sentence includes any extensions provided by the law."
 {¶ 14} The Ohio Supreme Court held:
 "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at paragraph one of the syllabus.
 {¶ 15} Since Jordan, the Ohio Supreme Court held:
 "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that particular *Page 5 offense is void. The offender is entitled to a new sentencing hearing for that particular offense." State v. Bezak (2007), 114 Ohio St.3d 94, 2007-Ohio-3250, at syllabus.
 {¶ 16} Therefore, McGee's argument has merit based upon the holdings in Jordan and Bezak. McGee's December 20, 1999 sentencing judgment entry is void. McGee was never lawfully sentenced to postrelease control. We hold that "the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence." Bezak, supra.
 {¶ 17} On a final note, res judicata does not apply to the case at bar. "Res judicata applies only to a valid, final judgment." State v.Talley, Cuyahoga App. No. 89328, 2007-Ohio-5853.
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. (Emphasis in original.)
 {¶ 18} Here, McGee's conviction was not valid because it was based upon a void sentence, and thus, res judicata is inapplicable to the case at bar.
 {¶ 19} McGee's second assignment of error is sustained.
 {¶ 20} McGee's sentence is vacated and this matter is remanded for resentencing. *Page 6 
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR *Page 1