[Cite as *State v. Williamson*, 2013-Ohio-3733.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99473**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL WILLIAMSON

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-406972

**BEFORE:** McCormack, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**FOR APPELLANT**

Michael Williamson, pro se
Inmate #423-451
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary H. McGrath
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} Michael Williamson, pro se, appeals from a judgment of the Cuyahoga County Court of Common Pleas denying his "Motion to Correct Sentence." Williamson claimed the trial court failed to adequately advise him of his postrelease control in 2002 when sentencing him. He claimed entitlement to a de novo sentencing hearing and asked the trial court to address several new issues unrelated to postrelease control.

{¶2} Williamson is barred by res judicata to raise any new issues, but, for the following reasons, we remand the case to the trial court for the limited purpose of correcting its 2002 judgment entry to reflect a full notification of Williamson's postrelease control.

{¶3} In 2001, Williamson was found guilty by a jury of 12 counts of rape for engaging in sexual conduct with his seven-year-old stepdaughter over an extended period of time. In February 2002, the trial court sentenced him to 12 consecutive terms of life. On direct appeal, Williamson, with the assistance of counsel, assigned two errors regarding his conviction for this court's review. He claimed that the trial court improperly admitted hearsay evidence and also that his counsel provided ineffective assistance by mishandling an exculpatory witness. Finding no merit to his claims, this court affirmed his conviction in *State v. Williamson*, 8th Dist. Cuyahoga No. 80982, 2002-Ohio-6503.

{¶4} Williamson did not assign any error in his direct appeal regarding his sentence, or the way the court imposed postrelease control. Nine years later, however, in

2011, Williamson filed a pro se "Motion to Vacate Void Judgment and Order New Sentencing Hearing."

{¶5} He claimed the trial court failed to properly notify him of his postrelease control when sentencing him in 2002. In his brief, he alleged that, although the trial court notified him of postrelease control during his sentencing hearing and also incorporated it into its journal entry, the court failed to notify him of the consequences of a violation of the postrelease control both at the sentencing hearing and in its judgment entry. He claimed this defect rendered his sentence void and the court should now conduct a de novo sentence hearing to resentence him.

{¶6} Williamson, however, did not attach a copy of the transcript of his 2002 sentencing hearing to demonstrate the alleged inadequate notification by the trial court. The trial court's 2002 judgment entry did mention postrelease control, stating "post release control is a part of this prison sentence for the maximum period allowed * * * under R.C. 2967.28."

{¶7} In its response to Williamson's "Motion to Vacate Void Judgment and Order New Sentencing Hearing," the state argued that he failed to provide a copy of the sentencing transcript to support his claim that he was inadequately advised of his postrelease control. The state requested, in the alternative, that the trial court conduct a sentencing hearing for the purpose of properly imposing postrelease control prior to his first scheduled parole hearing date, November 2121.

{¶8} In February 2012, the trial court issued a judgment entry, stating, "Motion to Vacate Void Judgment and Order New Sentencing Hearing is hereby denied. Court will resentence defendant on PRC issue only prior to release from prison if necessary." Williamson did not appeal from this judgment.

{¶9} Nine months after that judgment entry, in November 2012, Williamson filed yet another motion pro se, styled as "Motion to Correct Sentence." He again requested a new hearing, and in the brief attached to the motion, raised several other claims unrelated to postrelease control. In January 2013, the trial court summarily denied the motion. This appeal followed.

{¶10} On appeal, Williamson, pro se, raises seven assignments of error. He claims (1) the trial court erred in not advising him of his right to a direct appeal, (2) failed to properly impose postrelease control, (3) failed to consider the sentencing principles set forth in R.C. 2929.11 and 2929.12, (4) failed to determine the days of jail-time credit, (5) entered an "incorrect" journal entry, (6) failed to properly advise him of his registration duties as a sexual predator, and (7) erred by not merging the 12 counts of rape at sentencing.

{¶11} Under the doctrine of res judicata, a defendant is barred from raising a claim that was raised or could have been raised on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 266 N.E.2d 104 (1967), paragraph nine of the syllabus. As we explain in the following, Williamson's claims are barred by the principle of res judicata. The only

exception is his claim regarding an alleged failure by the trial court's failure to fully advise him of postrelease control.

{¶12} Williamson was convicted of rape in violation of R.C. 2907.02, which is both a felony of the first degree and a felony sex offense. An imposition of a mandatory postrelease control term of five years is necessary for a defendant convicted of felonies of the first degree or felony sex offenses. R.C. 2967.28(B); *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110. Therefore, a mandatory five-year term of postrelease control is included in his sentence.

{¶13} As recently reiterated by the Supreme Court of Ohio, "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18.

{¶14} When a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and as such, "is not precluded from appellate review by principles of res judicata, and may be reviewed *at any time*, on direct appeal or by collateral attack." (Emphasis added.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus.

{¶15} Therefore, even though Williamson failed to raise the issue on direct appeal and did not appeal from the trial court's February 2012 judgment denying his first motion, Williamson's allegation that the trial court failed to fully notify him of postrelease control

is not barred by res judicata. If his allegation is true, the portion of his sentence regarding postrelease control remains void and subject to appellate review at any time. *Fischer*. The state is wrong in its assertion that Williamson's claim regarding postrelease control is barred by res judicata.

{¶16} Our review of the record, however, shows that Williamson did not submit a transcript of the sentencing hearing to demonstrate the alleged deficiency. When an appellant alleges a deficient postrelease control notification at the sentencing hearing, but fails to include in the record a transcript of the sentencing hearing, the reviewing court must presume the regularity and propriety of that hearing and find that appellant was properly notified of postrelease control at the sentencing hearing. *State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2012-Ohio-4996, ¶ 25. *See also State v. Smith*, 8th Dist. Cuyahoga No. 94732, 2010-Ohio-6361, ¶ 14. Because Williamson did not submit the transcript of the sentencing hearing to demonstrate his allegation, we must presume he had been properly advised of postrelease control at the hearing.

{¶17} However, the trial court is also required to incorporate the postrelease notification into the sentencing entry. *See Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶ 18. Here, the 2002 judgment entry stated only that "post release control is a part of this prison sentence for the maximum period allowed for the above felony (s) under R.C. 2967.28." This does not meet the requirement for a full advisement. This court has stated that a mere reference to a statute is insufficient notice of postrelease control. *See State v. Stallings*, 8th Dist. Cuyahoga No. 97480,

2012-Ohio-2925, ¶ 8, citing *State v. Jones*, 7th Dist. Mahoning No. 06 MA 17, 2009-Ohio-794, ¶ 12.

**{¶18}** Under the circumstances of this case, where a defendant failed to demonstrate a deficiency of postrelease control notification at the sentencing hearing, but the judgment entry failed to include a full notification, the defendant is not entitled to a new sentencing hearing regarding the postrelease control, because a nunc pro tunc entry may be used to correct any omission. *See Qualls* at ¶ 30.

**{¶19}** Here, the trial court denied Williamson's November 2012 "Motion to Correct Sentence," because it had issued a judgment in February 2012 stating it will resentence Williamson on the postrelease control issue *"prior to his release from prison if necessary."* (Emphasis added.) The trial court appears to believe that, because Williamson is serving 12 consecutive life terms, he is unlikely to ever be subject to postrelease control, and a correction is unnecessary now.

**{¶20}** In *State v. Lang*, 129 Ohio St.3d 512, 556, 2011-Ohio-4215, 954 N.E.2d 596, the defendant was sentenced to death for his conviction of aggravated murder; life (with no possibility of parole) for the murder of another individual; and a term of ten years for aggravated robbery. On appeal, the defendant argued, among other issues, that the trial court failed to properly impose postrelease control as a mandatory part of his sentence for the aggravated robbery. The Supreme Court of Ohio affirmed the defendant's convictions and his sentences of death and life without parole. However, it remanded the case to the trial court to properly impose postrelease control as a part of his

sentence for aggravated robbery. Although the defendant is unlikely to be ever subject to postrelease control, the court did not consider the imposition of postrelease control moot, but rather, remanded the matter for a proper imposition.

{¶21} Therefore, even though Williamson is unlikely subject to postrelease control due to his 12 consecutive life terms, the trial court does not have the discretion to wait to remedy the deficiency in its sentencing entry. *Lang*. The second assignment of error is sustained to the extent indicated in the foregoing analysis.

{¶22} Finally, regarding the other claims raised by Williamson, they are barred by res judicata. As the Supreme Court of Ohio held in *Fischer*, "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus. Therefore, all other claims raised by Williamson in this postconviction proceeding are barred by res judicata. The remaining assignments of error are overruled.

{¶23} The trial court's January 2013 judgment denying appellant's "Motion to Correct Sentence" is reversed, and the matter is remanded to the trial court for a correction of the 2002 judgment entry with a nunc pro tunc entry.

{¶24} Judgment reversed and remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA A. BLACKMON, J., CONCUR