[Cite as *State v. McGee*, 2014-Ohio-5289.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   101307

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BELVIN MCGEE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-383003-ZA

**BEFORE:**   Boyle, A.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   November 26, 2014

**FOR APPELLANT**

Belvin McGee, pro se
Inmate No. A379-965
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Brett Hammond
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

**{¶1}** Defendant-appellant, Belvin McGee, appeals from the trial court's denial of his motion to correct illegal sentences. He argues that the trial court failed to properly impose postrelease control as part of his sentence, thereby rendering his sentence void. Finding some merit to the appeal, we affirm the imposition of postrelease control but remand for the trial court to issue a nunc pro tunc order to include the consequences of violating postrelease control.

Procedural History and Facts

**{¶2}** In December 1999, McGee was convicted of five counts of sexually oriented offenses committed against his five children and sentenced as follows: eight years incarceration on Count 17 (attempted rape); life imprisonment on Count 27 (rape); life imprisonment on Count 37 (rape); and five years incarceration on Counts 43 and 53 (gross sexual imposition). All of the sentences were to be served concurrently with the exception of Count 17, which was to run consecutively to the other counts.

**{¶3}** Since sentencing, McGee has filed multiple appeals with our court, including, but not limited to the following: *State v. McGee*, 8th Dist. Cuyahoga No. 77463, 2001-Ohio-4238 (judgment affirmed); *State v. McGee*, 8th Dist. Cuyahoga No. 82092, 2003-Ohio-1966 (judgment affirmed); *State v. McGee*, 8th Dist. Cuyahoga No. 83613, 2004-Ohio-2856 (judgment affirmed); and *State v. McGee*, 8th Dist. Cuyahoga No. 77463, 2005-Ohio-3553 (application to reopen denied); *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, (judgment affirmed).

**{¶4}** McGee also appealed to the Supreme Court of Ohio, which denied his motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *See State v. McGee,* 95 Ohio St.3d 1409, 765 N.E.2d 877 (2002).

{¶5} In December 2006, McGee appealed from the trial court's denial of his motion for correction of invalid pleas and sentence. Finding merit to his appeal, this court found that McGee's December 1999 sentencing judgment was void because he was never "lawfully sentenced to postrelease control." *State v. McGee*, 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655, ¶ 16. Consequently, this court vacated McGee's sentence and remanded the matter for resentencing. *Id.* at ¶ 20.

{¶6} Pursuant to the remand, the trial court held a resentencing hearing in May 2008 and imposed the same term of incarceration on the counts. The trial court also informed McGee that his sentence was subject to postrelease control. Specifically, the trial court's sentencing journal entry states that "postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28. (Defendant advised of PRC for a term of 5 years without reduction.)"

{¶7} McGee has filed several successive motions to vacate the trial court's judgment. Relevant to this appeal, McGee filed a "motion to correct illegal sentences" in March 2014, arguing that the trial court failed to properly sentence him to postrelease control during the 2008 resentencing hearing and failed to include the required notifications in the sentencing journal entry. The trial court ultimately denied McGee's motion, noting that "defendant was advised of 5 years mandatory postrelease control in connection with his original plea and at his resentencing in 2008."

{¶8} McGee subsequently appealed that decision to this court on April 28, 2014, filing the notice of appeal, praecipe, docketing statement, poverty affidavit, and a copy of the docket sheet. On the praecipe, McGee indicated that he would be filing a transcript under App.R. 9(B) as part of the record. On June 13, 2014, sua sponte, this court dismissed the appeal for

McGee's failure to file the record. McGee never filed a transcript with the court. McGee moved for this court to reconsider, which it did, noting that "the praecipe is amended to App.R. 9(A)."

{¶9} On appeal, McGee raises the following assignment of error:

The trial court erred when it disregarded statutory requirements of R.C. 2929.19(B)(3)(c) & (e)[;] therefore postrelease control is not properly included in the sentence, that sentence is void under *State v. Bezak*, 2007-Ohio-3250 at the syllabus and appellant was prejudice [sic] when the trial court denied his motion to correct illegal sentence.

Law and Analysis

{¶10} In his sole assignment of error, McGee argues that the trial court failed to lawfully impose postrelease control during the May 2008 resentencing, thereby failing "to rectify the void nature of the sentence." He specifically argues that the May 2008 sentencing journal entry

> does not provide any information whatsoever that appellant will or may be subject to postrelease control after leaving prison, or as to whether postrelease control is mandatory or discretionary, nor is there any information of the consequences of a violation of the term of postrelease control.

{¶11} The Ohio Supreme Court has clearly stated that "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. The trial court must also set forth the postrelease notification into the sentencing entry. *Id.* "'If the trial court properly notifies the defendant about postrelease control at the sentencing hearing and then inadvertently omits that notice from the sentencing entry, the omission can be corrected with a nunc pro tunc entry, and the defendant

is not entitled to a new sentencing hearing."' *State v. Dines*, 8th Dist. Cuyahoga No. 100647, 2014-Ohio-3143, ¶ 12, citing *Qualls* at ¶ 30.

{¶12} But if the trial court fails to properly notify a defendant of the terms of postrelease control at the sentencing hearing, such error cannot be corrected by a nunc pro tunc entry. *Qualls* at ¶ 20. Indeed,

> [w]hen a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and as such, "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."

*State v. Williamson*, 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733, ¶ 14, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus.

*Presume Regularity*

{¶13} The state contends that this court must presume that the trial court provided the required notifications of postrelease control at the sentencing hearing because McGee has failed to file a transcript of the sentencing hearing. We agree.

{¶14} This court has repeatedly recognized that "'[w]hen an appellant alleges a deficient postrelease control notification at the sentencing hearing, but fails to include in the record a transcript of the sentencing hearing, the reviewing court must presume the regularity and propriety of that hearing.'" *Williamson* at ¶ 16, citing *State v. Smith*, 8th Dist. Cuyahoga No. 94732, 2010-Ohio-6361, ¶ 14; *see also State v. Falkenstein*, 8th Dist. Cuyahoga No. 96659, 2011-Ohio-5188, ¶ 3, fn. 1 (recognizing that, in the absence of a filed sentencing transcript, "this court must presume that [defendant] was properly informed about postrelease control and the possible sanctions for violating it at his sentencing hearing"). Here, McGee did not file a transcript of the sentencing hearing, and therefore we presume that the court properly advised

him of postrelease control, including the maximum term as well as the consequences for violating the provisions of postrelease control.

*Nunc Pro Tunc*

**{¶15}** With respect to the sentencing journal entry, the record reflects that, although the trial court properly indicated in the journal entry that McGee is subject to a mandatory term of five years of postrelease control, the trial court failed to include the full advisement. Specifically, the trial court failed to notify McGee of the consequences for violating the provisions of postrelease control. Pursuant to *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, McGee is entitled to a nunc pro tunc entry to correct this omission. *See Dines*, 8th Dist. Cuyahoga No. 100647, 2014-Ohio-3143, ¶ 13 (applying *Qualls* and remanding for trial court to issue a nunc pro tunc to include the consequences of violating postrelease control); *Williamson*, 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733, ¶ 13 (remanding for the trial court to issue a nunc pro tunc to correct the omission of a full notification of postrelease control in the journal entry after finding no deficiency at the sentencing hearing).

**{¶16}** Accordingly, applying *Qualls* to the instant case, the case is remanded for the trial court to issue a nunc pro tunc entry to correct the defective sentencing entry. Specifically, the trial court shall issue a nunc pro tunc entry to reflect that McGee was advised of the consequences for violating postrelease control and that an additional prison term of up to one-half of his prison sentence could be imposed if McGee violates the terms and conditions of his postrelease control.

**{¶17}** The sole assignment of error is sustained in part.

**{¶18}** Judgment affirmed in part and reversed in part. Case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR