[Cite as *State v. McGee*, 2015-Ohio-4908.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102740**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BELVIN McGEE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-383003-A

**BEFORE:**   McCormack, J., Celebrezze, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   November 25, 2015

**FOR APPELLANT**

Belvin McGee, pro se
Inmate No. A379-965
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, OH 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brett Hammond
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** In 1999, appellant-defendant, Belvin McGee, pleaded guilty to multiple counts of sex offenses for sexually assaulting his own children. This court affirmed his convictions and sentence in his direct appeal. He has since instituted multiple proceedings in repeated attempts to withdraw his guilty plea. The instant appeal stemmed from his latest attempt to withdraw his plea. After a review of the record, we affirm the trial court's judgment denying his motion.

**{¶2}** Defendant was indicted on 53 counts of sexual offenses involving his five biological children, all under the age of 13. He pleaded guilty to five counts. The trial court sentenced him to a life term each for two counts of rape, five years each for two counts of gross sexual imposition, and eight years for one count of attempted rape. These terms were to run concurrently, except for the attempted rape count. This court affirmed his convictions in *State v. McGee*, 8th Dist. Cuyahoga No. 77463, 2001 Ohio App. LEXIS 5190 (Nov. 21, 2001).

**{¶3}** Since his direct appeal, McGee filed several motions to withdraw his guilty plea, without success. In February 2015, he filed his latest motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The trial court again denied his motion. On appeal from that judgment, he presents two assignments for our review. We only review his first assignment of error because the second assignment of error is not properly before us.[1]

---

[1] The second assignment of error raises a claim relating to a separate appeal (8th Dist. Cuyahoga No. 103036), also currently pending before this court. The claim concerns his sentencing, which has a tortured history. In 2006, McGee filed a motion to correct his sentence, claiming he

**{¶4}** The first assignment of error states:

> The trial court abused its discretion in denying appellant's post-sentence motion to withdraw guilty plea, in order, to correct manifest injustice because the plea agreement, and appellant's negotiated pleas was induced by state's misrepresentation of statutory requirements to indict the sexually violent predator specifications found in R.C. 2971.01(H)(1). Therefore, appellant was deprived of his liberty without due process of state law in violation of the Fourteenth Amendment to the United States Constitution.

---

was not lawfully sentenced regarding his postrelease control. Finding merit to his claim, this court vacated his sentence and remanded the matter for resentencing. *State v. McGee*, 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655. On remand, the trial court held a resentencing hearing in May 2008, imposing the same prison terms. Its journal entry stated: "postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28. (Defendant advised of PRC for a term of 5 years without reduction.)."

McGee repeatedly challenged the 2008 judgment entry. The latest challenge regarding that judgment was raised in 2014. McGee argued to this court that the trial court again failed to properly sentence him to postrelease control at the 2008 resentencing hearing and also failed to include the postrelease control notification in its journal entry. This court noted that McGee did not file a transcript of the 2008 resentencing hearing and, therefore, a reviewing court must presume regularity of the sentencing hearing. *State v. McGee*, 8th Dist. Cuyahoga No. 101307, 2014-Ohio-5289, ¶ 14. As to the sentencing journal entry, this court noted that the trial court indicated in its journal entry that McGee was subject to a mandatory term of five years of postrelease control, but failed to provide a full advisement including the consequences for violating the terms of postrelease control. Applying *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, this court explained that the remedy for the omission was a remand for the trial court to issue a nunc pro tunc entry to include the consequences of violating the postrelease control.

On remand, as instructed, the trial court entered a nunc pro tunc entry on February 6, 2015. It notified McGee that a term of five years of postrelease control was part of his sentence and it advised him the consequences of violations of his postrelease control. McGee appealed from that nunc pro tunc judgment entry, in 8th Dist. Cuyahoga No. 103036. However, instead of raising claims relating to the nunc pro tunc entry in 8th Dist. Cuyahoga No. 103036, he assigns an error relating to the nunc pro tunc entry in the instant appeal, claiming the nunc pro tunc judgment entry was void. We have no jurisdiction to review that claim in the instant appeal, because the instant appeal (8th Dist. Cuyahoga No. 102740) was taken from the trial court's denial of his motion to withdraw his guilty plea.

{¶5} McGee's first assignment of error relates to his sex offender classification. A number of the 53 counts of sex offenses he was indicted for contained the sexually violent predator ("SVP") specification. Pursuant to his plea agreement, McGee pleaded guilty to two counts of rape, one count of attempted rape, and two counts of gross sexual imposition; in exchange, the state nolled the remaining counts and deleted the SVP specification, which would have subjected him to an enhanced punishment.

{¶6} Fifteen years after his convictions, McGee again claims his guilty plea was unknowing and involuntary. McGee had already litigated the voluntariness of his guilty plea on several prior occasions. *State v. McGee*, 8th Dist. Cuyahoga No. 82092, 2003-Ohio-1966; *State v. McGee*, 8th Dist. Cuyahoga No. 83613, 2004-Ohio-2856, *State v. McGee*, No. 77463, 2005-Ohio-3553 (*application to reopen denied*); and *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374.

{¶7} In the latest motion to withdraw, McGee claims that the SVP specification contained in his indictment could not have applied to him under the law at the time of his offenses, and therefore, his plea was invalid.

{¶8} The doctrine of res judicata is applicable to successive motions to withdraw a guilty plea. *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 17. A Crim.R. 32.1 motion to withdraw a plea should be denied when it asserts grounds for relief that were or should have been asserted in a previous motion. *Id*., citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421. McGee was not precluded from raising the issue relating to the SVP specification and guilty plea in his direct appeal

or any prior motions to withdraw his plea, and therefore, his claim is now barred by res judicata. The trial court did not abuse its discretion in summarily denying McGee's motion to withdraw his guilty plea.

{¶9} Even if the claim were not barred by res judicata, McGee fails to demonstrate manifest injustice required by Crim.R. 32.1 for a postsentence motion to withdraw a plea.

{¶10} In support of the claim in his latest motion that his plea was invalid, McGee relies exclusively on a 2004 case from the Supreme Court of Ohio, *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283. In that case, the court interpreted the former SVP specification statute, R.C. 2971.01(H)(1), holding that a "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment." *Id*. at syllabus. *Smith* required a sex offender to have a prior conviction of a sexually violent offense for the SVP specification. Citing *Smith*, McGee argues that the state had improperly included the SVP specification in the indictment for the purpose of inducing him to plead guilty in exchange for a deletion of the specification.

{¶11} *Smith*, however, was decided after McGee's guilty plea. Before the *Smith* decision, there was a split among the appellate districts as to whether the former R.C. 2971.01(H)(1) required an offender to have a prior conviction of a sexually violent offense to satisfy the SVP specification. *See State v. Stansell*, 8th Dist. Cuyahoga No.

100604, 2014-Ohio-1633.[2] Because of the split of authority when McGee was indicted, it cannot be said that the state included the SVP specification in contravention of the law for the improper purpose of enticing McGee into accepting a plea deal. Therefore, even if the claim raised by McGee in this appeal were not barred by res judicata, it lacks merit. The trial court properly denied his motion. The first assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
MARY J. BOYLE, J., CONCUR

---

[2]We observe that, in response to *Smith*, the General Assembly modified R.C. 2971.01(H)(1). It is now no longer necessary for a sex offender to have a prior conviction of a sexually violent offense in order to satisfy the SVP specification. *State v. Wooten*, 9th Dist. Lorain No. 13CA010510, 2014-Ohio-3980; *State v. Brown*, 7th Dist. Mahoning No. 12 MA 118, 2014-Ohio-4158, ¶ 32; *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134, ¶ 66-67.