[Cite as *State v. McGee*, 2017-Ohio-1363.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 104566

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BELVIN MCGEE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-383003-ZA

**BEFORE:** S. Gallagher, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 13, 2017

**FOR APPELLANT**

Belvin McGee, pro se
Inmate No. 379965
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio    44044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Brett Hammond
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Belvin McGee appeals from the denial of his motion to vacate a void sentence. Upon review, we affirm the decision of the trial court. We remand the case to the trial court, however, for the sole purpose of vacating the Tier III sex-offender classification and to reflect the automatic imposition of the sexual-predator classification in accordance with former R.C. 2950.09(A).

**{¶2}** In December 1999, appellant was convicted of multiple sexual offenses committed against his five children. He since has filed multiple appeals with our court, including but not limited to the following: *State v. McGee*, 8th Dist. Cuyahoga No. 77463, 2001-Ohio-4238 (affirmed convictions); *State v. McGee*, 8th Dist. Cuyahoga No. 82092, 2003-Ohio-1966 (affirmed denial of motion to withdraw guilty plea); *State v. McGee*, 8th Dist. Cuyahoga No. 83613, 2004-Ohio-2856 (affirmed denial of motion to withdraw guilty plea); *State v. McGee*, 8th Dist. Cuyahoga No. 77463, 2005-Ohio-3553 (denied application to reopen appeal); *State v. McGee*, 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655 (declared sentence void and remanded for full resentencing); *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374 (affirmed denial of motion to withdraw guilty plea); *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-6637 (denied application to reopen appeal); *State v. McGee*, 8th Dist. Cuyahoga No. 101307, 2014-Ohio-5289 (affirmed imposition of postrelease control, but remanded for issuance

of nunc pro tunc order); *State v. McGee*, 8th Dist. Cuyahoga No. 102740, 2015-Ohio-4908 (affirmed denial of motion to withdraw guilty plea).

{¶3} Relative to this appeal, on May 20, 2008, the trial court resentenced appellant after this court found that postrelease control had not been properly imposed. Following a subsequent appeal, on February 6, 2015, the trial court issued a nunc pro tunc entry clarifying that appellant was advised of five years of mandatory postrelease control and of the potential consequences of violating postrelease control. On March 30, 2016, appellant filed a motion to vacate void sentences and remand for resentencing. The trial court denied the motion on May 9, 2016. Appellant then filed the instant appeal from that entry.

{¶4} Appellant raises four assignments of error for our review. Initially, we recognize that this appeal was taken from the denial of appellant's motion to vacate void sentences and remand for resentencing that was filed on March 30, 2016. A motion to correct a void sentence is limited to the narrow function of correcting only an illegal sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 25. A motion to correct a void sentence "does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing." *Id.* at ¶ 31.[1]

---

[1] We recognize that the Ohio Supreme Court has stated that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, syllabus.

{¶5} Under his first assignment of error, appellant claims that the trial court lacked jurisdiction over the sexually violent predator specifications and that he "is actually innocent of the indictments that finds [sic] and specified that he is a sexually violent predator." He claims that former R.C. 2971.01(H)(1) required a prior conviction of a sexually violent offense in order to be convicted of a sexually violent predator specification. He relies on *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, and argues that he should not be classified as a sexually violent predator.

{¶6} A review of the docket in this case indicates that appellant was never convicted of a sexually violent predator specification. Rather, the journal entry from December 17, 1999, indicates that all specifications were deleted as part of the plea and appellant stipulated to a sexual predator classification.[2] Although appellant phrases the argument as a jurisdictional issue, at best this was a matter pertaining to his plea agreement. Accordingly, the issue is not properly raised under a motion to correct a void sentence.

{¶7} Rather, the argument is barred by res judicata. Appellant has previously raised variations of this argument that have been rejected. *See McGee*, 8th Dist. Cuyahoga No. 102740, 2015-Ohio-4908, at ¶ 8-11; *McGee*, 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655, at ¶ 9. Res judicata bars the assertion of claims from a valid, final judgment of conviction that have been raised or could have been raised on direct

---

[2] We note that R.C. 2971.01(H)(1) now defines "sexually violent predator" as "a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."

appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph three of the syllabus. Appellant's first assignment of error is overruled.

{¶8} Under his second assignment of error, appellant claims his due process rights were violated because the trial court disregarded the requirements of R.C. 2971.03 and 2907.02(B), which were in effect at the time of his resentencing. Appellant never challenged the length of his sentence on direct appeal. Further, as applicable to this case, R.C. 2941.148 precludes application of R.C. Chapter 2971 where the offense under R.C. 2907.02(A)(1)(b) for child rape was "committed on or after January 2, 2007." Likewise, R.C. 2971.03(B)(1) is limited to those violations of R.C. 2907.02(A)(1)(b) "committed on or after January 2, 2007." Therefore, appellant's life sentence was not unauthorized by law. *See State v. White*, 5th Dist. Muskingum No. CT11-0051, 2012-Ohio-1490, ¶ 14. Appellant's second assignment of error is overruled.

{¶9} Under his third assignment of error, appellant claims that the trial court erred in classifying him as a Tier III sex offender under the Adam Walsh Act upon resentencing in 2008. The state concedes the error, but it does not agree that appellant is entitled to a resentencing hearing.

{¶10} Although appellant failed to raise this issue through a direct appeal, we must recognize that because appellant committed the offenses prior to the enactment of 2007 Am.Sub.S.B. No. 10, his classification as a Tier III sex offender is invalid. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22. The record reflects that at his original sentencing in December 1999, appellant was automatically classified as a sexual predator pursuant to former R.C. 2950.09(A). The sexual predator classification should have been reinstated upon his resentencing in 2008. Accordingly, we remand the matter for the limited purpose of vacating the Tier III sex-offender classification and the automatic imposition of the sexual-predator classification in accordance with former R.C. 2950.09(A). Appellant is not entitled to a resentencing hearing. His third assignment of error is sustained only insofar as the trial court imposed an improper sex-offender classification.

{¶11} Under his fourth assignment of error, appellant claims that the February 6, 2015 nunc pro tunc entry violates *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, and should be vacated. As the state aptly points out, in accordance with R.C. 2967.28(G)(4)(c), if an offender "is subject to more than one period of post-release control, the period of post-release control for all of the offenses shall be the period of post-release control that expires last * * *" and "[p]eriods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." Appellant has not finished serving his life sentence for his rape convictions,

which carry a mandatory period of postrelease control sanctions of five years pursuant to R.C. 2967.28(B)(1). Appellant's fourth assignment of error is overruled.

**{¶12}** Judgment affirmed; case remanded for correction of sexual predator classification.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR