[Cite as *State v. McGee*, 2018-Ohio-3171.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106423

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BELVIN McGEE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-383003-ZA

**BEFORE:** E.T. Gallagher, P.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 9, 2018

**FOR APPELLANT**

Belvin McGee, pro se
Grafton Correctional Institution
Inmate No. A379965
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Amy Venesile
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Belvin McGee, appeals pro se from his classification as a sexual predator in accordance with former R.C. 2950.09(A). McGee raises the following assignments of error for review:

1. The trial court's nunc pro tunc entry is barred and must be vacated.

2. The trial court was not authorized to reinstate his Megan's Law classification as a sexual predator.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History

{¶3} In December 1999, McGee pleaded guilty to five counts of sexually oriented offenses committed against his five children. At the time of his plea, McGee stipulated "that he is a sexual predator for classification under House Bill 180." He was sentenced as follows: eight years incarceration on Count 17 (rape); life imprisonment on Count 27 (rape); life imprisonment on Count 37 (rape); and five years incarceration on Counts 43 and 53 (gross sexual imposition). All of the sentences were to be served concurrently with the exception of Count 17, which was to run consecutively to the other counts. In addition, the trial court found that McGee was automatically classified as a sexual predator pursuant to R.C. 2950.09(A).

{¶4} Following the imposition of his sentence, McGee's convictions were affirmed in *State v. McGee*, 8th Dist. Cuyahoga No. 77463, 2001-Ohio-4238. Thereafter, McGee filed multiple appeals with this court following the trial court's denial of successive postconviction

motions to withdraw his previously entered guilty pleas. *See State v. McGee*, 8th Dist. Cuyahoga No. 82092, 2003-Ohio-1966 (affirmed denial of motion to withdraw guilty plea); *State v. McGee*, 8th Dist. Cuyahoga No. 83613, 2004-Ohio-2856 (affirmed denial of motion to withdraw guilty plea); *State v. McGee*, 8th Dist. Cuyahoga No. 77463, 2005-Ohio-3553 (denied application to reopen appeal).

{¶5} In December 2006, McGee appealed from the trial court's denial of his motion for correction of invalid pleas and sentence. Finding merit to his appeal, this court found that McGee's December 1999 sentencing judgment was void because he was never "lawfully sentenced to postrelease control." *State v. McGee*, 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655, ¶ 16. Consequently, this court vacated McGee's sentence and remanded the matter for resentencing. *Id*. at ¶ 20.

{¶6} On remand, the trial court held a resentencing hearing in May 2008 and sentenced McGee to the same prison term originally imposed. This time, however, the trial court sufficiently imposed postrelease control. In addition, the trial court advised McGee of his "reporting requirements as a Tier III sex offender" under the Adam Walsh Act.

{¶7} Thereafter, McGee filed additional appeals with this court, including but not limited to, the following: *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374 (affirmed denial of motion to withdraw guilty plea); *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-6637 (denied application to reopen appeal); *State v. McGee*, 8th Dist. Cuyahoga No. 101307, 2014-Ohio-5289 (affirmed imposition of postrelease control, but remanded for issuance of nunc pro tunc order); *State v. McGee*, 8th Dist. Cuyahoga No. 102740, 2015-Ohio-4908 (affirmed denial of motion to withdraw guilty plea).

**{¶8}** In March 2016, McGee filed a motion to vacate his sentences and remand for resentencing. The motion was denied in May 2016. On appeal, this court affirmed the trial court's judgment denying McGee's motion to vacate his sentences. However, this court found the trial court erred in classifying McGee as a Tier III sex offender under the Adam Walsh Act. This court stated, in relevant part:

> Although appellant failed to raise this issue through a direct appeal, we must recognize that because appellant committed the offenses prior to the enactment of 2007 Am.Sub.S.B. No. 10, his classification as a Tier III sex offender is invalid. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22. The record reflects that at his original sentencing in December 1999, appellant was automatically classified as a sexual predator pursuant to former R.C. 2950.09(A). The sexual predator classification should have been reinstated upon his resentencing in 2008. Accordingly, we remand the matter for the limited purpose of vacating the Tier III sex-offender classification and [for] the automatic imposition of the sexual-predator classification in accordance with former R.C. 2950.09(A). Appellant is not entitled to a resentencing hearing. His third assignment of error is sustained only insofar as the trial court imposed an improper sex-offender classification.

*State v. McGee*, 8th Dist. Cuyahoga No. 104566, 2017-Ohio-1363, ¶ 10.

**{¶9}** On October 10, 2017, the trial court issued the following journal entry:

> Upon decision from the Court of Appeals in Case No. 104566, judgment is affirmed and sentence ordered into execution pursuant to order from the Court of Appeals. Defendant is classified as a sexual predator in accordance with former R.C. 2950.09(A).

**{¶10}** McGee now appeals from his classification as a sexual predator.

## II. Law and Analysis

### A. Sexual Predator Classification

**{¶11}** In his first assignment of error, McGee argues the trial court did not have the authority to reimpose the sexual predator classification from his 1999 original sentence because the sentence was rendered void by this court's decision in *McGee*, 8th Dist. Cuyahoga No.

89133, 2007-Ohio-6655. McGee contends the trial court's October 10, 2017 entry must be vacated and remanded to the trial court for a de novo resentencing hearing.

{¶12} As stated, this court previously found that McGee's original sentence was void because postrelease control was not properly imposed. *McGee,* 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655. Accordingly, the matter was remanded for a de novo resentencing hearing.[1] At the resentencing hearing, the trial court classified him as a Tier III sex offender under the Adam Walsh Act.

{¶13} In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Ohio Supreme Court held that applying S.B. 10 to "defendants who committed sex offenses prior to its enactment violates Article II, Section 28, of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at ¶ 20. Following the mandates of *Williams*, this court found that the trial court erred in classifying McGee as a Tier III sex offender at the resentencing hearing because McGee's offenses were committed prior to the Adam Walsh Act's effective date. *McGee*, 8th Dist. Cuyahoga No. 104566, 2017-Ohio-1363, at ¶ 10. Accordingly, the case was remanded "for the limited purpose of vacating the Tier III sex-offender classification and [for] the automatic imposition of the sexual-predator classification in accordance with former R.C. 2950.09(A)." *Id*.

{¶14} On remand, the trial court complied with the express and limited directives of this court and classified McGee as a sexual predator in accordance with former R.C. 2950.09. Contrary to McGee's arguments on appeal, he was not entitled to a de novo resentencing hearing because he stipulated at the time of his December 1999 plea that "he is a sexual predator for

---

[1] The decision was issued many years before *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 28-29 (when an offender is entitled to a new sentencing hearing because postrelease control had not been properly imposed, the new hearing is limited to proper imposition of postrelease control).

classification under House Bill 180."[2]   While McGee's original sentence in December 1999 was rendered void by this court's decision in *McGee*, 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655, the terms and stipulations of McGee's plea remain in full effect.

**{¶15}** This court has previously held that when a defendant stipulates as part of his plea bargain that he is to be classified as a sexual predator, such classification is automatic and there is no need for the trial court to conduct a hearing.   *See State v. Bolton*, 8th Dist. Cuyahoga No. 75865, 2000 Ohio App. LEXIS 665, 12-13 (Feb. 24, 2000); *State v. Wiggins*, 8th Dist. Cuyahoga No. 78598, 2001 Ohio App. LEXIS 3702, 2 (Aug. 23, 2001).   Applying the foregoing to the circumstances of this case, we find McGee's classification as a sexual predator was automatic. Thus, this court properly found in *McGee,* 8th Dist. Cuyahoga No. 104566, 2017-Ohio-1363, that there was no need for the trial court to conduct further hearings to consider the factors listed in former R.C. 2950.09(B).   McGee's attempt to use this appeal as an attempt to challenge the limited nature of this court's remand in *McGee,* 8th Dist. Cuyahoga No. 104566, 2017-Ohio-1363, is improper and meritless.

**{¶16}** McGee's first assignment of error is overruled.

### B.   Application of *State v. Holdcroft*

**{¶17}** In his second assignment of error, McGee argues the trial court was not authorized to classify him as a sexual predator because it "violates the holding of *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382." McGee contends that because he has "completely served" the prison terms imposed on several of his offenses, "an increase in the sentence is prohibited by the double jeopardy clause, among other things."

---

[2]   McGee's previous challenges to validity of his  sexual-predator stipulation have been rejected by this court.   *See McGee*, 8th Dist. Cuyahoga No. 104566, 2017-Ohio-1363, at ¶ 5-7; *McGee,* 8th Dist. Cuyahoga No. 102740, 2015-Ohio-4908, at ¶ 8-11; *McGee*, 8th Dist. Cuyahoga No. 89133, 2007-Ohio-6655, at ¶ 9.

**{¶18}** Initially, we note that proceedings under Megan's Law are civil in nature and are legally distinct from the proceedings governing a defendant's underlying criminal conviction and sentence. *State ex rel. Hunter v. Binette*, Slip Opinion No. 2018-Ohio-2681, ¶ 16. The classifications "are not a punishment within the defendant's sentence." *State v. Bell*, 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363, ¶ 13. Thus, McGee's characterization of his sexual-predator classification as an "increase in his sentence" is inaccurate.

**{¶19}** We further reject McGee's reliance on the Ohio Supreme Court's decision in *Holdcroft*, because it is inapplicable to the circumstances of this case. In *Holdcroft*, the Ohio Supreme Court determined that a trial court does not have jurisdiction to correct a void sentence once the prison term is complete. The court held, in relevant part:

> when the entirety of a prison sanction has been served, the defendant's interest in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified.

*Id.*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, at ¶ 18.

> However, unlike correcting a sentence already served, addressing classification and registration requirements according to Megan's Law is different because such requirements are collateral consequence[s] of the offender's criminal acts rather than a form of punishment per se.
>
> * * *
>
> Therefore, the disposition of [a] challenge to the trial court's jurisdiction to reclassify him must be determined upon rules specific to classification pursuant to Megan's Law, rather than rules that pertain to sentencing or punishment.

*Bell*, 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363, at ¶ 12-13 (holding that the civil and remedial nature of a Megan's Law classification is inherently different than trying to correct a void prison sentence once that sentence is already served).

**{¶20}** Based on the foregoing, we find no merit to McGee's reliance on *Holdcroft* and its sentencing restrictions. In this case, the trial court had jurisdiction to automatically impose the

civil and remedial classification based on McGee's stipulation at the time of his plea. The status of McGee's time served is irrelevant to the imposition of his sexual-predator classification. McGee's second assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR